1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RENEE' L. MARTIN,                          No.  2:15-cv-2496-TLN-EFB PS

11              Plaintiff,

12        v.                                    FINDINGS AND RECOMMENDATIONS

13   AMERICAN AUTOMOBILE
     ASSOCIATION OF NORTHERN
14   CALIFORNIA NEVADA AND UTAH, et
     al.,
15
                Defendants.
16

17        This matter is before the court on defendant CSAA Insurance Exchange's[1] motion to

18   dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

19   state a claim.[2]  ECF No. 6.  For the reasons explained below, defendant's motion must be

20   granted.[3]

21   /////

22
     _____
23        [1]  Plaintiff erroneously sues CSAA Insurance Exchange as "American Automobile
     Association of Northern California Nevada and Utah[,] AAA Northern California Nevada and
24   Utah Insurance Exchange[,] CSAA Insurance Exchange."

25        [2]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
     28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).
26

27        [3]  The court has preciously determined that oral argument would not materially assist in
     the resolution of the pending motions and the matter was ordered submitted on the briefs.  *See*
28   E.D. Cal. L.R. 230(g); ECF No. 15.

                                            1

I.      Factual Allegations

The complaint alleges that plaintiff is the owner of real property located at 2428 Covered Wagon Circle, Elverta, California (the "subject property"), which she used as a rental property. Compl. (ECF No. 1) 3-4.  From 2003 to present, the subject property was insured by a rental insurance policy that plaintiff maintained with defendant.  *Id*. at 5-6.

Plaintiff visited the property on December 2, 2013, and discovered that the property was in poor condition.  *Id*. at 7.  Plaintiff believes that the property was vandalized by the prior tenants, who vacated the property on that date.  *Id*.  The damage included carpets that were urine saturated and had burnt iron marks and "large red blotches throughout"; cuts in the floor; broken doors, appliances, and fixtures; and damage to drywall and exterior framing.  *Id*. at 7.  Plaintiff allegedly submitted a claim with defendant under her insurance "policy to restore the property back to the condition before it was vandalized, damaged or destroyed."  *Id*.  Defendant paid plaintiff $7,812.41 to cover damage to the property and approximately $6,125.00 for loss of rent. *Id*. at 8.  However, plaintiff claims that defendant has failed to pay an addition $34,689.59 for "work that needs to be done" and $22,614 for loss of rent.  *Id*.  Plaintiff further alleges that defendant's refusal "to pay the claim adequately" was "racially motivated because she is a Black female."  *Id*. at 9 (internal quotations omitted).

II.     Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

1    III.    Discussion

2            Plaintiff's complaint purports to allege four causes of action: (1) breach of contract; (2)

3    civil rights violations; (3) intentional infliction of emotional distress; and (4) punitive damages.

4    ECF No. 1 at 6-15.  Defendant moves to dismiss the complaint under Rule 12(b)(6), arguing that

5    plaintiff has failed to allege sufficient facts to support each claim for relief.  ECF No. 6.

6            A.      Breach of Contract

7            Defendant argues that plaintiff's breach of contract claim must be dismissed because the

8    complaint fails to allege the terms of the contract that defendant allegedly breached.  ECF No. 6-1

9    at 5-6.

10           To succeed on a breach of contract claim under California law, plaintiff must establish (1)

11   the existence of a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and

12   (4) damages flowing from the breach.  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226,

13   1239 (2008).  This requires plaintiff to plead "the contract either by its terms, set out verbatim in

14   the complaint or a copy of the contract attached to the complaint and incorporated therein by

15   reference, or by its legal effect."  *N. County Commc'ns Corp. v. Verizon Global Networks, Inc.*,

16   685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (quoting *Mckell v. Washington Mut., Inc.*, 142 Cal.

17   App. 4th 1457, 1489 (2006)).  Thus, "[t]he complaint must identify the specific provision of the

18   contract allegedly breached by the defendant."  *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930

19   (N.D. Cal. 2012) (citation omitted).

20           Plaintiff does not allege the terms of the contract that defendant allegedly breached.  The

21   complaint merely alleges that plaintiff had an insurance policy with defendant, that she filed a

22   claim under the policy, and that defendant failed to pay the amount plaintiff believes she was

23   entitled to receive.  ECF No. 1 at 5-8.  Plaintiff does not, however, allege any specific terms of

24   the contract that defendant breached.  Plaintiff also did not append a copy of the contract to her

25   complaint.[4]

26   _____

27           [4]  Plaintiff claims that she attached as exhibit 1 to the complaint copies of policy
     declarations setting forth the policy limits covered by the insurance policy.  ECF No. 1 at 5.  The
28   compliant, however, does not include an "Exhibit 1," nor do any of the appended documents
     appear to be part of the insurance policy at issue.  *See generally* ECF No. 1 at 17-49.

1    As plaintiff's complaint fails to allege the terms of the contract that defendant breached,

2    she fails to state a claim for breach of contract under California law.  Accordingly, plaintiff's

3    breach of contract claim must be dismissed with leave to amend.

4    B.    Violation of Civil Rights

5    Plaintiff complaint also alleges a claim for violation of her civil rights.  ECF No. 1 at 8-

6    14.  The body of the complaint does not identify the basis for plaintiff's claim for violation of her

7    civil rights.  *See generally* ECF No. 1.  However, the caption page cites to 42 U.S.C. §§ 1981,

8    1982, 1983, and 28 U.S.C. § 1343.  *Id*. at 1.  Defendant argues that this claim or claims must be

9    dismissed because plaintiff fails to allege sufficient facts to state a claim under 42 U.S.C.

10   §§ 1981, 1982, and 1983, and 28 U.S.C. § 1343 does not provide a private right of action.  ECF

11   No. 6-1 at 6-8.

12   Section 1981 guarantees "all persons the right to make and enforce contracts" and

13   prohibits racial discrimination in contracting.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d

14   1116, 1122 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(a)).  The statute "creates a cause of action

15   only for those discriminated against on account of their race or ethnicity."  *Id*. at 1123.  "To state

16   a claim under § 1981, a plaintiff must identify an impaired 'contractual relation,' by showing that

17   intentional racial discrimination prevented the creation of a contractual relationship or impaired

18   an existing contractual relationship."  *Schiff v. Barrett*, 2010 WL 2803037, at *4 (E.D. Cal. July

19   14, 2010) (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)).

20   Plaintiff has failed to allege any facts that, if accepted as true, would demonstrate that

21   intentional discrimination impaired her contract with defendant.  Instead, plaintiff alleges that she

22   is a black female and that defendant's conduct was "argumentative and hostile with plaintiff."

23   ECF No. 1 at 9.  She further alleges that the defendant's claims adjustor was white and that this

24   individual acted with hostility towards plaintiff.  *Id*. at 10.  While plaintiff alleges that she is a

25   different race than the claims adjustor, and that the adjustor acted hostile, she has failed to allege

26   any facts indicating that racial discrimination impaired her contractual relationship with

27   defendant.  Accordingly, plaintiff's claim under section 1981 must be dismissed with leave to

28   amend.

1    Plaintiff's complaint also fails to allege a claim for violation of 42 U.S.C. § 1982.  That

2    statute provides that all citizens shall have the same right "to inherit, purchase, lease, sell, hold,

3    and convey real and personal property."  42 U.S.C. § 1982.  To state a claim under section 1982,

4    a plaintiff must allege that (1) [she] is a member of a racial minority; (2) [she] applied for and was

5    qualified to rent or purchase certain property or housing; (3) [she] was rejected; and (4) the

6    housing or rental opportunity remained available thereafter.  *Phifer v. Proud Parrot Motor Hotel,*

7    *Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).

8    This statute is inapposite to the factual allegations in the complaint.  The dispute identified

9    in the complaint concerns whether defendant paid plaintiff the amount she was purportedly

10   entitled to receive under the insurance policy she maintained with defendant.  There are no

11   allegations concerning any attempt by plaintiff to rent or purchase property or housing and

12   plaintiff's fails to state claim under section 1982.  Because this statute has no bearing on the

13   subject matter of this litigation, plaintiff's purported claim under section 1982 must be dismissed

14   without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000) ("Under Ninth

15   Circuit case law, district courts are only required to grant leave to amend if a complaint can

16   possibly be saved.").

17   Plaintiff complaint is also devoid of facts sufficient to state a claim under 42 U.S.C.

18   § 1983.  To state a section 1983 claim, plaintiff must allege (1) that a right secured by the

19   Constitution or laws of the United States was violated, and (2) that the alleged violation was

20   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48

21   (1988).  Although plaintiff generally alleges that defendant violated her constitutional rights, she

22   fails to identify the specific constitutional provision defendant allegedly violated.  More

23   significantly, plaintiff fails to allege that defendant is state actor.  As plaintiff only alleges

24   conduct between private parties, her section 1983 claim must be dismissed without leave to

25   amend.  *See Lopez*, 203 F.3d at 1129.

26   /////

27   /////

28   /////

6

1       Lastly, plaintiff cannot maintain a claim under 28 U.S.C. § 1343.  That statute "does not

2   create a cause of action itself; it confers jurisdiction where the plaintiff otherwise has stated a

3   cause of action."  *Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1114 (D. Nev. 2004).  Thus, plaintiff's

4   reference to 28 U.S.C. § 1343 fails to provide a basis for relief.

5       Accordingly, plaintiff claim for violation of her civil rights must be dismissed as set forth

6   above.

7       C.    Intentional Infliction of Emotion Distress

8       Defendant argues that plaintiff fails to state a claim for intentional infliction of emotional

9   distress because the compliant fails to allege that defendant engaged in egregious or outrageous

10  conduct.  ECF No. 6-1 at 9-10.

11      "In order to establish a claim for intentional infliction of emotional distress under

12  California law, [plaintiff is] required to show (1) that the defendant's conduct was outrageous, (2)

13  that the defendant intended to cause or recklessly disregarded the probability of causing

14  emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and

15  proximately caused by defendant's conduct."  *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir.

16  2004).  "Only conduct 'exceeding all bounds usually tolerated by a decent society, of a nature

17  which is especially calculated to cause, and does cause, mental distress' is actionable."  *Brooks v.*

18  *United States*, 29 F. Supp. 2d 613, 617–18 (N.D. Cal. 1998).

19      The complaint is devoid of any allegations that would support a claim for intentional

20  infliction of emotional distress.  Again, plaintiff has simply alleged that she had an insurance

21  policy with defendant covering the subject property and that defendant failed to pay the full

22  amount plaintiff was allegedly due for a claim made under the policy.  However, "[a]n insurer's

23  refusal to pay an insurance claim in full does not, by itself, meet the threshold of extreme and

24  outrageous conduct."  *Eastman v. Allstate Ins. Co.*, 2014 WL 5355036, at *7 (S.D. Cal. Oct. 20,

25  2012); *see also Coleman v. Republic Indem. Ins. Co. of Cal.*, 132 Cal. App. 4th 403, 417 (2005)

26  ("[D]elay or denial of insurance claims is not sufficiently outrageous to state a cause of action for

27  intentional infliction of emotional distress."), *but see Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.

28  App. 3d 376, 401 (1970) ("We hold, therefore, that defendants threatened and actual bad faith

refusals to make payments under the policy, maliciously employed by defendants in concert with false and threatening communications directed to plaintiff for the purpose of causing him to surrender his policy or disadvantageously settle a nonexistent dispute is essentially tortious in nature and is conduct that may legally be the basis for an action for damages for intentional infliction of emotional distress.").

Plaintiff has failed to allege facts indicating that defendant's conduct was outrageous or extreme, and therefore her claim for intentional infliction of emotion distress must be dismissed with leave to amend.

D.   Punitive Damages

Plaintiff also purports to allege a cause of action for punitive damages. ECF No. 1 at 15. "There is no separate cause of action for punitive damages—they are only ancillary to a valid cause of action." *Caira v. Offner*, 126 Cal. App. 4th 12, 39 n.20 (2005). As explained above, plaintiff's complaint fails to state a claim upon which relief may be granted and must therefore be dismissed. Accordingly, plaintiff's purported cause of action for punitive damages must also be dismissed.[5]

V.   Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 6) be granted as follows:

a.  Plaintiff's claims for breach of contract, violation of 42 U.S.C. § 1981, and intentional infliction of emotional distress be dismissed with leave to amend.

b.  Plaintiff's claims for violation of 42 U.S.C. §§ 1982, 1983, 28 U.S.C. § 1343, and punitive damages be dismissed without leave to amend.

2. Plaintiff be granted thirty days from the date of service of any order adopting these findings and recommendations to file an amended complaint as provided herein. The amended

---

[5] The court notes that plaintiff is not entitled to punitive damages based on her contention that defendant breached the terms of the insurance policy. *Miller v. Nat'l Am. Life Ins. Co.*, 54 Cal. App. 3d 331, 336 (1976) ("Punitive damages are not available in an action in California based solely upon breach of a contractual obligation, even where the breach is intentional, willful, or in bad faith.").

1  complaint must bear the docket number assigned to this case and must be labeled "First Amended

2  Complaint."

3         These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  DATED:  June 14, 2016.

11                    EDMUND F. BRENNAN

12                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28