UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE' L. MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN AUTOMOBILE ASSOCIATION OF NORTHERN CALIFORNIA NEVADA AND UTAH, et al.,<br><br>    Defendants. | No. 2:15-cv-2496-TLN-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendant CSAA Insurance Exchange's ("CSAA")[1] motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).[2] ECF No. 22. For the reasons explained below, it is recommended that defendant's motion be granted and this action be dismissed.[3]

---

[1] Plaintiff erroneously sues CSAA Insurance Exchange as "American Automobile Association of Northern California Nevada and Utah[,] AAA Northern California Nevada and Utah Insurance Exchange[,] CSAA Insurance Exchange." In her amended complaint, plaintiff acknowledges that these defendants should not have been named in her complaint and requests that they be dismissed. The request is granted and this action will proceed only against CSAA.

[2] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[3] The court determined that oral argument would not materially assist in the resolution of the pending motion and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

I.     Procedural History

Plaintiff filed this action in December 2015. ECF No. 1. The original complaint purported to allege four causes of action (1) breach of contract; (2) civil rights violations; (3) intentional infliction of emotional distress; and (4) punitive damages. *Id.* at 6-15. Plaintiff's claim for violations of her civil rights, which was her only federal claim, appeared to be predicated on defendant's alleged violation of 42 U.S.C. §§ 1981, 1982, 1983, and 28 U.S.C. § 1343. Defendant moved to dismiss the compliant under Rule 12(b)(6), arguing that plaintiff had failed to allege sufficient facts to support her federal and state law claims. ECF No. 6. That motion was granted, the complaint was dismissed in its entirety, and plaintiff was given leave to amend her claims for breach of contract, intentional infliction of emotion distress, and violation of 42 U.S.C. § 1981. ECF Nos. 17, 20. All other claims were dismissed without leave to amend. *Id.*

On July 15, 2016, plaintiff filed her first amended complaint, which only alleges claims for breach of contract and intentional infliction of emotional distress. ECF No. 19.[4] Defendant CSAA timely filed the instant motion to dismiss, arguing that this court lacks subject matter jurisdiction and, alternatively, that the complaint fails to state a claim for relief. ECF No. 22.

II.    Factual Allegations

The first amended complaint alleges that plaintiff, a citizen of California, is the owner of real property located at 2428 Covered Wagon Circle, Elverta, California (the "subject property"), which she used as a rental property. ECF No. 19 at 3-5. Since 2003 to present, the subject property was insured by a rental insurance policy that plaintiff maintained with defendant. *Id.* at 5. The policy covered damage to the property, including vandalism and any related loss of rent. *Id.*

/////

---

[4] Plaintiff filed her first amended complaint after findings and recommendations issued recommending dismissal of the complaint, but before the assigned district judge adopted the findings and recommendations. *See* ECF Nos. 17, 19, 20. The order adopting the findings and recommendations found that the undersigned's recommendation that plaintiff be given leave to amend was moot in light of plaintiff's first amended complaint. ECF No. 20.

Plaintiff visited the property on December 2, 2013, and discovered that the property was in poor condition and appeared to have been vandalized. *Id*. at 7. The damage included urine saturated carpets; burnt iron marks; "large red blotches throughout;" cuts in the floor; broken doors, appliances, and fixtures; and damage to drywall and exterior framing. *Id*. at 7-8. Plaintiff allegedly submitted a claim with defendant under her insurance "policy to restore the property back to the condition before it was vandalized, damaged or destroyed." *Id*. at 7. Defendant paid plaintiff $7,812.41 to cover damage to the property and approximately $6,125.00 for loss of rent. *Id*. at 8. Plaintiff claims, however, that defendant has failed to pay an addition $34,689.59 for additional "work that needs to be done" and $22,614 for loss of rent. *Id*. at 9. Plaintiff further alleges that she "has been humiliated, degraded, ignored, disregarded, disrespected and discriminated" against, and that she believes defendants' conduct was "racially motivated because she is a Black female." *Id*. at 15 (internal quotations omitted).

III.   Rule 12(b)(1) Standard

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Id.* at 377. The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). "When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. For a Better Env't*, 236 F.3d

/////

495, 499 (9th Cir. 2001) (citing *Stock West, Inc. v. Confederation Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

IV.     Discussion

Plaintiff purports to allege state law claims for breach of contract and intentional infliction of emotional distress, but she does not establish the court's jurisdiction over such claims. The amended complaint alleges that plaintiff has been subjected to discrimination based on her race, which implicates "rights that are protected under Federal Civil Rights." ECF No. 19 at 4. Plaintiff then concludes that subject matter jurisdiction is present because the court has original jurisdiction of all actions arising under federal law and the United States Constitution. *Id.* Thus, plaintiff contends that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[5]

Plaintiff, however, does not allege a federal claim, and her vague references to discrimination and civil rights are insufficient to confer federal question jurisdiction. *Cf. Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action."). Furthermore, the record indicates that plaintiff no longer seeks to assert a claim under 42 U.S.C. § 1981, the only federal claim she was granted leave to amend. Her amended complaint does not reference section 1981 or any other federal statute. In her opposition to defendant's motion, she acknowledges that the court previously dismissed her federal claims. Plaintiff does not, however, argue that the amended complaint sufficiently alleges facts to support a claim under section 1981. Instead, she only expresses her disagreement with the court's prior ruling and states her intention to seek appellate review. ECF No. 31 at 12.

With plaintiff's federal claims having been dismissed, the court does not have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. As plaintiff fails to state a federal claim for relief, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40, 129 (2009); *Albingia Versicherungs A .G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28

---

[5] Plaintiff does not contend that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

1  U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a
2  claim under subsection (a) if . . . the district court has dismissed all claims over which it has
3  original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before
4  trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial
5  economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction
6  over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351
7  (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity
8  and to promote justice between the parties, by procuring for them a surer-footed reading of the
9  applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly, defendant's motion to dismiss must be granted, and the case dismissed for lack of subject matter jurisdiction.

V.  Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 22) be granted;

2. This action be dismissed for lack of subject matter jurisdiction; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE